IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

SARAH MARTINEZ, §
 §
　　　　Plaintiff, §
 §
v. § CIVIL ACTION NO. H-18-4804
 §
KROGER TEXAS L.P., §
 §
　　　　Defendant. §

**MEMORANDUM OPINION AND ORDER**

Plaintiff Sarah Martinez ("Plaintiff") sued Defendant Kroger Texas L.P. ("Defendant") in the 129th Judicial District Court of Harris County, Texas, under Cause No. 2018-27272, seeking to recover for injuries she sustained when she slipped and fell while shopping in a Kroger Store in Houston, Texas.[1] Defendant timely removed based on diversity jurisdiction.[2] Pending before the court is Plaintiff's Motion for Remand (Docket Entry No. 3). For the reasons explained below, Plaintiff's Motion for Remand will be denied.

---

[1] See Plaintiff's Original Petition and First Set of Discovery ("Petition"), Exhibit A to Notice of Removal, Docket Entry No. 1-1, pp. 1-2.

[2] See Notice of Removal, Docket Entry No. 1, pp. 3-5. Plaintiff does not contest the timeliness of Defendant's Notice of Removal. Defendant removed within 30 days of receiving a settlement demand from Plaintiff alleging damages in excess of the jurisdictional amount. See 28 U.S.C. § 1446(b)(3).

## I. Applicable Law

Under 28 U.S.C. § 1441(a) any state court civil action over which a federal court would have original jurisdiction may be removed from state to federal court. Federal district courts have original jurisdiction over civil actions between citizens of different states where the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a). "The party seeking to assert federal jurisdiction, in this case [Defendant], has the burden of proving by a preponderance of the evidence that subject matter jurisdiction exists." New Orleans & Gulf Coast Railway Co. v. Barrois, 533 F.3d 321, 327 (5th Cir. 2008). Ambiguities or doubts are to be construed against removal and in favor of remand. Manguno v. Prudential Property and Casualty Insurance Co., 276 F.3d 720, 723 (5th Cir. 2002).

The parties dispute whether § 1332's amount in controversy requirement is satisfied. The amount in controversy is determined at the time of filing of the notice of removal, based on the plaintiff's then existing state-court petition. 28 U.S.C. § 1332. If a state statute provides for attorney's fees, they are included in the amount in controversy. Manguno, 276 F.3d at 723. In most cases "the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy." 28 U.S.C. § 1446(c)(2).

The Texas Rules of Civil Procedure do not require plaintiffs to plead a specific amount of damages; instead, plaintiffs must

plead that their damages are within the jurisdictional limits of the court and that their damages fall within specified dollar-amount ranges. See Tex. R. Civ. P. 47(c)-(d). When a state court petition does not allege a specific amount of damages, the removing party must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional amount. De Aguilar v. Boeing Co., 47 F.3d 1404, 1411-12 (5th Cir.), cert. denied, 116 S. Ct. 180 (1995); Manguno, 276 F.3d at 723. This requirement is met if (1) it is apparent from the face of the petition that the claims are likely to exceed $75,000, or, alternatively, (2) the defendant sets forth "summary judgment type evidence" showing that the amount in controversy likely exceeds $75,000. Manguno, 276 F.3d at 723.

Once the removing party satisfies this burden, a non-removing party seeking remand must show that "as a matter of law, it is certain that he will not be able to recover more than the damages for which he has prayed in the state court complaint." De Aguilar, 47 F.3d at 1411. A plaintiff can demonstrate to a legal certainty that she will not be able to recover more than the jurisdictional amount by filing a binding stipulation with the original complaint that limits recovery to an amount below the jurisdictional threshold. See, e.g., Mokhtari v. Geovera Specialty Insurance Co., Civil Action No. H-14-3676, 2015 WL 2089772, at *1 (S.D. Tex. May 4, 2015); Williams v. Companion Property & Casualty Insurance Co., Civil Action No. H-13-733, 2013 WL 2338227, at *2 (S.D. Tex.

May 27, 2013) (citing De Aguilar, 47 F.3d at 1411-12); Espinola-E v. Coahoma Chemical Co., 248 F.3d 1138, 2001 WL 85834, at *2 (5th Cir. Jan. 19, 2001) (per curiam) (unpublished) ("[A] binding stipulation that a plaintiff will not accept damages in excess of the jurisdictional amount defeats diversity jurisdiction. . . .").

## II. Analysis

Plaintiff argues that she is entitled to remand because the statements in her Petition effectively limit the amount in controversy to $75,000. Defendant argues that the true amount in controversy exceeds the jurisdictional limit and that Plaintiff has failed to effectively limit her recovery in her Petition.

The Rule 47 statement in Plaintiff's Petition states that "Plaintiff seeks monetary relief [sic] not more than $75,000.00, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney's fees and judgment for all other relief to which Plaintiff is justly entitled."[3] Plaintiff's Petition also expressly reserves Plaintiff's right to amend the Rule 47 statement of relief if necessary.[4] Plaintiff alleges that she sustained serious injuries as a result of Kroger's negligence, and as a result, she seeks damages for (1) past and future medical expenses; (2) past and future pain, suffering, and mental anguish; (3) past and future physical impairment; (4) past and future

---

[3]See Petition, Exhibit A to Notice of Removal, Docket Entry No. 1-1, p. 1 ¶ 3.

[4]See id.

-4-

physical disfigurement; and/or (5) past lost wages and future loss of earning capacity.[5] On November 21, 2018, Plaintiff sent a settlement demand to Defendant stating that Plaintiff's past medical bills totaled $68,372.70 and that the costs associated with her future medical treatment will be $106,830.[6] In the settlement demand, Plaintiff sought a recovery of $75,000 from Defendant.[7]

The evidence presented by Defendant shows that the amount in controversy likely exceeds $75,000. Plaintiff's demand letter sets forth Plaintiff's past and future medical expenses in detail: Plaintiff allegedly suffered extensive injuries to her neck, left knee, left foot, and back, requiring multiple surgeries.[8] In view of the nature of Plaintiff's injuries, the court concludes that the $68,000 in past medical expenses coupled with the value of the other damages Plaintiff seeks -- including future medical expenses that Plaintiff has estimated will cost nearly $107,000 -- is

---

[5] See id. at 3 ¶ 12.

[6] See Settlement Demand [redacted], Exhibit C to Notice of Removal, Docket Entry No. 1-3, p. 2.

[7] See Settlement Demand [unredacted], Exhibit 2 to Plaintiff's Motion for Remand, Docket Entry No. 3-2, p. 2.

[8] See id. ¶¶ 5 and 7. The Federal Rules of Evidence do not bar the court from considering a demand letter to determine if the amount in controversy requirement is satisfied. Federal Rule of Evidence 408 prohibits use of a settlement demand "to prove or disprove the validity or amount of a disputed claim," but does not prohibit such demands from being used to evaluate a plaintiff's assessment of the value of her own lawsuit. See Jurisich v. State Farm Mutual Auto Insurance Co., Civil Action No. H-13-2173, 2014 WL 800994, at *3 (S.D. Tex. Feb. 28, 2014).

sufficient to show that it is more likely than not that the amount in controversy exceeds $75,000.

For remand to be proper, Plaintiff must therefore show to a legal certainty that she will not recover more than the jurisdictional amount. Plaintiff's Petition standing alone is insufficient to limit her recovery -- Plaintiff expressly reserved the right to amend her Rule 47 damage estimation, presumably to leave open the opportunity to seek damages in excess of $75,000. Further, Plaintiff's Rule 47 statement does not comply with the Texas Rules of Civil Procedure: Rule 47 requires plaintiffs to plead that their claims fall within certain pre-defined damage ranges, none of which allows plaintiffs to assert that their damages do not exceed $75,000. See Tex. R. Civ. P. 47(d) (providing that plaintiffs can plead that their claims fall into a variety of damage ranges, one of which is "only monetary relief of $100,000 or less," but failing to provide a damage range for claims $75,000 or less). Plaintiff's specific demand is a clear attempt to avoid federal jurisdiction. See Chavez v. State Farm Lloyds, Civil Action No. 7:15-487, 2016 WL 641634, at *2 (S.D. Tex. Feb. 18, 2016) (characterizing a plaintiff's pleading a damage range of "$75,000 or less" in a Texas state-court petition as bad faith manipulation to avoid federal jurisdiction).

Absent a statute expressly limiting recovery to an amount below the jurisdictional requirement, courts in the Fifth Circuit require plaintiffs to "file a binding stipulation or affidavit with

-6-

their [state-court] complaints" expressly limiting their recovery to an amount below $75,000 to avoid federal jurisdiction. See De Aguilar, 47 F.2d at 1412. Plaintiff has not filed an affidavit, stipulation, or other statement limiting her recovery alongside her Petition. Plaintiff has therefore failed to show to a legal certainty that she will not recover more than the jurisdictional amount.

### III. Conclusion

Defendant has successfully demonstrated that the amount in controversy likely exceeds $75,000. Plaintiff has failed to demonstrate to a legal certainty that the amount in controversy does not exceed $75,000. Plaintiff's Motion for Remand (Docket Entry No. 3) is therefore **DENIED**.

**SIGNED** at Houston, Texas, on this 27th day of February, 2019.

SIM LAKE
UNITED STATES DISTRICT JUDGE